# EXHIBIT A

Filing # 135485579 E-Filed 09/28/2021 03:21:18 PM

## IN THE COUNTY COURT FOR THE 18TH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

Deborah Westfall,

      Plaintiff,

v.                              Case No.:

Creditors Bureau USA,

      Defendant,

_____/

### STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

Plaintiff Deborah Westfall ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, Creditors Bureau USA ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

### NATURE OF THE ACTION

### I.    THE FAIR DEBT COLLECTION PRACTICES ACT

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.  Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.  Section 1692c(b) of the FDCPA provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."[1]

5.  The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v.*

---

[1] The exceptions listed in section 1692b of the FDCPA are inapplicable in this case.

*Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also*, *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

6. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

## II.  THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

8. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> […]

> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Fla. Stat. § 559.72.

9. In applying and construing the FCCPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5).

10. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

13. Venue in Brevard County is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in Brevard County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

16. Defendant does business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a debt collector when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

23. At all times material hereto, Defendant was subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

24. Plaintiff is alleged to owe a financial obligation (hereinafter the "Alleged Debt").

25. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases.

26. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

27. On or about July 20, 2021, Defendant caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of

Defendant's Collection Letter is attached hereto as "Exhibit A".

28. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

29. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

30. Upon information and belief, Defendant did not generate, print and/or transmit Defendant's Collection Letter to Plaintiff. Instead, Defendant outsourced the generation, printing, and/or transmission of Defendant's Collection Letter to a third-party vendor (hereinafter "Vendor").

31. In connection with Defendant's above-described outsourcing, Defendant communicated to Vendor information regarding Plaintiff's alleged debt including, but not limited to, Plaintiff's name, address, status as an alleged debtor, alleged account balance, alleged account number, and/or alleged creditor.

32. Plaintiff did not consent to Defendant's communication with Vendor.

33. The information communicated to Vendor by Defendant affects Plaintiff's reputation.

34. All conditions precedent to the filing of this action have occurred or been waived.

### COUNT I – VIOLATION OF THE FDCPA

35. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

36. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FDCPA, to wit:

    a.  Section 1692c(b) by communicating, in connection with the collection of any debt,

with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without Plaintiff's prior consent given directly to Defendant. *See, e.g., Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

37. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff's statutory right to privacy with respect to Plaintiff's financial information has been violated. *Hunstein v. Preferred Collection and Mgt. Services, Inc.*, 19-14434, 2021 WL 1556069, at *4 (11th Cir. Apr. 21, 2021)("Notably, the FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). And to that end, the statutory provision under which Hunstein has sued here expressly prohibits a debt collector from "communicat[ing]" with any but a few persons or entities "in connection with the collection of any debt." *Id.* § 1692c(b). Although § 1692c(b) isn't identical in all respects to the invasion-of-privacy tort, we have no difficulty concluding that it bears "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at 1549."); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges

she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

38. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE FCCPA

39. Plaintiff re-asserts and re-alleges paragraphs 1 through 34 as if fully restated herein.

40. As detailed more fully above, Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff by and through Defendant's Collection Letter. In doing so, Defendant violated the FCCPA, to wit:

    a. Section 559.72(5) by Disclosing to a person other than the Plaintiff or her or his family information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

41. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to fear, stress, confusion, deception, anxiety and worry, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

42. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

    (b)    Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

    (c)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (d)    A declaration that Defendant's collection effort as detailed herein violate the FCCPA;

    (e)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and

Fla. Stat. § 559.77(2); and

(f)      Any other relief that the Court deems appropriate and just under the circumstances.

DATED: September 28, 2021

Respectfully submitted by:

*/s/ Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

# Exhibit A



**Creditors Bureau** USA
A Professional Debt Collection Agency
757 L Street · Fresno · CA · 93721
Monday - Friday 8:30am to 5:30pm
(866) 919-1345

| ACCOUNT SUMMARY | |
|---|---|
| Date | 07/20/21 |
| Account Number | 6716 |
| Original Creditor | QUEST DIAGNOSTICS |
| Creditor Reference Number | 2482 |
| Service/Charge Date | 12-17-19 |
| Patient | WESTFALL,DEBORAH B |
| Total Due | $660.25 |

DEBORAH B WESTFALL

Your medical provider, QUEST DIAGNOSTICS, has assigned the above past due account to Creditors Bureau USA for collection. These services were rendered on your behalf at the special request of your physician or medical service provider. Your Creditor's records indicate that this debt is unpaid and due. Please pay in full or contact our office for payment arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Our office may use call monitoring and/or recording for improved customer service.

Thank you,

Maggie Anderson, Debt Collector

1RK

| PAYMENT OPTIONS | | |
|---|---|---|
|  **Pay by Phone**<br>To discuss payment arrangements or to pay using your VISA, MasterCard, Discover, Checking or Savings Account, call: (866) 919-1345 |  **Pay By Mail**<br>Please use the envelope provided and make your check payable to Creditors Bureau USA. | **Make Secure Payments Online**<br>Visit our website at:<br>www.GoToNotice.com |

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

▲ *** PLEASE RETAIN THIS PORTION FOR YOUR RECORDS *** ▲
▼ ***PLEASE RETURN THIS PORTION WITH YOUR PAYMENT*** ▼

ADMINISTRATIVE OFFICE
POST OFFICE BOX 942
FRESNO, CA 93714

→ Please make check payable to Creditors Bureau USA
→ Please include your Account # and Phone #
→ $15.00 charge for returned checks
→ Enclose this payment stub with your payment



CBUS / 1RK / 753022422400 / 2087 / 0000821

DEBORAH B WESTFALL
2557 EMPIRE AVE
MELBOURNE, FL 32934-7577

▼ SEND ALL PAYMENTS TO ▼

CBUSA
Administrative Office
P.O. BOX 942
FRESNO, CA  93714-0942

☐ *Check here if your address or phone number has changed. Please indicate changes on the back of this page, and return in enclosed envelope.*