**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| DEBORAH WESTFALL, | Case No.  21-cv-01771-GAP-EJK |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES** |
| CREDITORS BUREAU USA, | |
| Defendant. | |

**DEFENDANT CREDITORS BUREAU USA'S**
**ANSWER WITH AFFIRMATIVE DEFENSES**

AND NOW comes Defendant, Fresno Credit Bureau dba Creditors Bureau USA ("Creditors Bureau" or "Defendant"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby answers the Complaint brought by Plaintiff, Deobrah Westfall ("Plaintiff").  In support thereof, Creditors Bureau avers as follows:

**ANSWER TO NATURE OF THE ACTION**

I. **ANSWER TO THE FAIR DEBT COLLECTION PRACTICES ACT**

1.      Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the Fair Debt Collection Practices Act (the "FDCPA").   Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FDCPA is a writing that speaks for itself. Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

2.     Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the FDCPA.  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FDCPA is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

3.     Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the FDCPA.  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FDCPA is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

4.     Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the FDCPA.  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FDCPA is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

5.     Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to case law purported to establish that the FDCPA is a strict liability statute.  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

6.     Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to case law purported to establish that the FDCPA is a remedial

statute that must be construed liberally in favor of the plaintiff.  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

## II.    ANSWER TO THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7.    Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the Florida Consumer Collection Practices Act ("FCCPA").   Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FCCPA is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

8.    Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the Florida Consumer Collection Practices Act ("FCCPA").   Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FCCPA is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

9.    Admitted in part and denied in part.  Creditors Bureau admits that Plaintiff cites to a portion of the "FCCPA".  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as the FCCPA is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the Court.

10.    Admitted in part and denied in part.  Creditors Bureau admits that its records reflect that it issued a collection letter, dated July 20, 2021 to Plaintiff in connection with Plaintiff's valid and delinquent debt obligation owed to Quest that Plaintiff incurred because of her failure to pay her debt obligation to Quest for medical services.  Unless otherwise admitted, Creditors Bureau denies these allegations and leaves Plaintiff to her proofs.

## ANSWER TO JURISDICTION

11.    Denied.  Creditors Bureau lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies the allegations in this Paragraph.

12.    Denied.  Creditors Bureau denies the allegations in this paragraph. Further responding, Creditors Bureau denies that it violated the FDCPA or the FCCPA.

13.    Denied.  Creditors Bureau denies the allegations in this paragraph as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

## ANSWER TO PARTIES

14.    Admitted in part and denied in part.  Creditors Bureau admits, on information and belief, that Plaintiff is a natural person.  As to the remaining allegations in this Paragraph, Creditors Bureau lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies the remaining allegations in this Paragraph.

4

15.    Denied.  Creditors Bureau denies the allegations in this paragraph as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

16.    Admitted in part and denied in part. Creditors Bureau admits that, at times, it engages in the practice of collecting debts owed to others in Florida. Except as specifically admitted, Creditors Bureau denies the remaining allegations in this Paragraph.

17.    Admitted in part and denied in part.  Creditors Bureau admits that, at times, it engages in the practicing of collecting debts owed to others.  Creditors Bureau objects to the use of the term "holds itself out" as vague and ambiguous and, as such, denies that Creditors Bureau "holds itself out" as a business that collects debts.  Unless otherwise admitted, the allegations in this paragraph are denied.

18.    Admitted in part and denied in part. Creditors Bureau admits that, at times, it uses the telephone and mail in connection with its debt collection efforts. Unless otherwise admitted, the allegations in this paragraph are denied.

19.    Admitted in part and denied in part. Creditors Bureau admits that, at times, it engages in the practice of collecting debts owed to others. Creditors Bureau objects to the use of term "regularly" as vague and ambiguous and, as such, denies that Creditors Bureau "regularly" collects debts. Unless otherwise admitted, the allegations in this paragraph are denied.

20.     Admitted.  Credit Bureau admits that it holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21.     Denied.  Creditors Bureau denies the allegations in this paragraph, as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

22.     Denied.  Creditors Bureau denies the allegations in this paragraph, as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

23.     Denied.  Creditors Bureau denies the allegations in this paragraph, as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

## ANSWER TO FACTUAL ALLEGATIONS

24.     Admitted in part and denied in part. Creditors Bureau admits that based on a review of its records, Plaintiff had a due and owing balance of $660.25 to Quest Diagnostics. Creditors Bureau lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph. As such, the remaining allegations are denied.

25.     Admitted in part and denied in part.  Creditors Bureau admits that based upon a review of its records, Plaintiff's due and owing debt was related to medical services.  Creditors Bureau denies the remaining allegations in this paragraph as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

26.     Denied.  Creditors Bureau denies the allegations in this paragraph, as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

27.     Admitted. Creditors Bureau admits that a true and correct redacted copy of the letter mailed to Plaintiff by Creditors Bureau, dated July 20, 2021, is annexed to Plaintiff's Complaint as Exhibit "A".

28.     Admitted in part and denied in part.  Creditors Bureau admits that the July 20, 2021 letter Creditors Bureau sent to Plaintiff contains information required under the FDCPA.  Except as otherwise admitted, Creditors Bureau denies the allegations in this Paragraph as they constitute conclusions of Law.  Creditors Bureau refers all questions of law to the Court.

29.     Admitted in part and denied in part.  Creditors Bureau admits only that Quest Diagnostics hired Creditors Bureau to try to recover on Plaintiff's valid and delinquent debt obligation.  Creditors Bureau denies the allegations in this Paragraph as the Letter is a writing that speaks for itself.  Creditors Bureau further denies the allegations in this Paragraph as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

30.     Admitted in part and denied in part.  Creditors Bureau admits that it used the services of a mail vendor for the ministerial tasks of importing electronic data from Creditors Bureau into a letter template, and printing and mailing the July 20, 2021 letter.  Unless otherwise admitted, Creditors Bureau denies the

allegations in this Paragraph.  Creditors Bureau denies that the vendor was a third-party in the context of the FDCPA.

31.   Admitted in part and denied in part.  Creditors Bureau admits that it electronically transmitted data through a secure data transfer system to the letter vendor to perform ministerial back-office functions to prepare, print and mail the July 20, 2021 letter.  Creditors Bureau denies that the incidental and ministerial transfer of electronic information to a "back office" vendor is a communication *in connection with the collection of a debt*. See FTC staff commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50,097-02, 50,104 (Dec. 13 1988); *see also White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000). C Creditors Bureau denies that Section 1692c(b) of the FDCPA precludes communications "with respect to" or "regarding" a debt, just communications "in connection with the collection of any debt" and denies that the transfer of electronic data to a medium, i.e., a letter vendor, is a "communication in connection with the collection of a debt" prohibited by Section 1692c(b) of the FDCPA.  Furthermore, Creditors Bureau asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment, nor is it to embarrass or harass the consumer; rather, it is to

secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.  Further responding, Creditors Bureau denies the allegations in this paragraph as they consist of conclusions of law and Creditors Bureau denies these conclusions. Creditors Bureau refers all questions of law to the Court. Furthermore, Creditors Bureau asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.

32.    Admitted in part and denied in part.  Creditors Bureau admits that it utilized a mail vendor for the ministerial and automated function of transferring electronic data into fields on a letter template prepared by Creditors Bureau and that the mail vendor automatically printed, folded and mailed the July 20, 2021 letter.  Unless otherwise admitted, Creditors Bureau denies the allegations in this paragraph.

33.    Denied.  Creditors Bureau lacks sufficient information or knowledge

34.    Creditors Bureau lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

## ANSWER TO COUNT I – VIOLATION OF THE FDCPA

35.    No response is required to this paragraph as Plaintiff is merely incorporating her allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, Creditors Bureau incorporates its responses to Paragraphs 1 through 34 as though fully set forth herein at length.

36.    Denied. Creditors Bureau denies that the transfer of electronic data to a medium, a letter vendor, is a communication "in connection with the collection of a debt" and denies the remaining allegations in this paragraph as they are based on the false premise that such a data transfer is a communication in connection with the collection of a debt. Furthermore, Creditors Bureau asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.  Creditors Bureau further denies that the transfer of electronic data to a medium, a letter vendor, is a communication "in connection with the collection of a debt." Further responding, Creditors Bureau denies that it was obligated to obtain Plaintiff's consent to perform such a transfer.  The allegations of this paragraph are based on the false premise that such a data transfer is a

communication in connection with the collection of a debt. Furthermore, Creditors Bureau asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.  Further responding, Creditors Bureau denies the allegations of this paragraph as they are based on the false premise that the transfer of electronic data to a medium, a letter vendor, is a communication "in connection with the collection of a debt." Creditors Bureau denies the implication of this paragraph that it was obligated to obtain Plaintiff's consent to perform such a data transfer. Furthermore, Creditors Bureau asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor."  *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering, and mailing.

37.    Denied. Creditors Bureau denies the allegations in this paragraph consist of conclusions of law and Creditors Bureau denies these conclusions. Creditors Bureau refers all questions of law to the Court. Creditors Bureau further denies that it disclosed any private and sensitive information to the letter vendor. Further responding, the letter vendor used by Creditors Bureau maintains compliance, data security and privacy practices that meet or exceed industry standards and denies any material or concrete harm would be incurred by Plaintiff or others as a result of the ministerial functions of a letter vendor.  A factual basis for such harm is demanded of Plaintiff.  Furthermore, Creditors Bureau denies that it violated 15 U.S.C. § 1692c(b) of the FDCPA or any other section of the FDCPA.  Creditors Bureau denies the allegations in this paragraph asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.  Moreover, Creditors Bureaus use of a vendor is consistent with regulation F.

38.    Denied.  Creditors Bureau denies the allegations in this paragraph as they call for conclusions of law.  Creditors Bureau refers all questions of law to the

Court.  Further responding, Creditors Bureau denies that it violated the 1692c(b) or any other section of the FDCPA.

### ANSWER TO COUNT II – VIOLATION OF THE FCCPA

39.    No response is required to this paragraph as Plaintiff is merely incorporating her allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, Creditors Bureau incorporates its responses to Paragraphs 1 through 38 as though fully set forth herein at length.

40.    Denied.  Creditors Bureau denies it violated the FCCP or any section thereof.  Creditors Bureau further denies that it disclosed any private and sensitive information to the letter vendor.  Further responding, the letter vendor used by Creditors Bureau maintains compliance, data security and privacy practices that meet or exceed industry standards and denies any material or concrete harm would be incurred by Plaintiff or others as a result of the ministerial functions of a letter vendor.  A factual basis for such harm is demanded of Plaintiff.  Further responding, Creditors Bureau denies the allegations in this Paragraph as they constitute conclusions of law.  Creditors Bureau refers all questions of law to the Court.

41.    Admitted in part and denied in part. Creditors Bureau admits that Plaintiff alleges Creditors Bureau violated the FCCPA and seeks damages under the FCCPA.  Creditors Bureau denies engaging in any conduct toward Plaintiff that could be deemed violative of the FCCPA and denies any liability to Plaintiff.

## ANSWER TO JURY DEMAND

42.    Admitted in part and denied in part. Creditors Bureau admits that Plaintiff seeks a jury trial regarding the claims set forth in her Complaint. Creditors Bureau denies that Plaintiff is entitled to a trial by jury as to Creditors Bureau in the absence of any viable claims. Unless otherwise admitted, the allegations in this paragraph are denied.

## ANSWER TO PRAYER FOR RELIEF

Creditors Bureau denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, Creditors Bureau denies that Plaintiff's prayer for relief is appropriate in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief may be granted. Creditors Bureau neither violated the FDCPA or the FCCPA in the course of its collection efforts to recover on a valid and delinquent debt obligation owed to Quest Diagnostics Incorporated, nor did it improperly communicate with a third party in connection with the collection of a debt. Therefore, Plaintiff's claims against Creditors Bureau under the FDCPA and FCCPA should be dismissed or withdrawn.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Creditors Bureau acted in good faith and with good cause and has not violated any rights which may be secured to Plaintiff under

any federal, state, city, or local laws, rules, regulations, codes, or guidelines.

## THIRD AFFIRMATIVE DEFENSE

Creditors Bureau did not invade Plaintiff's privacy based on the ministerial transfer of electronic data through a secure and private transmission to its vendor.

## FOURTH AFFIRMATIVE DEFENSE

The secure electronic transmission of data to Creditors Bureau's agent, a letter vendor, does not violate the FDCPA as it is not a communication in connection with the collection of a debt. Therefore, Creditors Bureau did not violate Section 1692c(b) of the FDCPA. *See* FTC staff commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097-02, 50104, 1988 WL 269068 (F.R.) (Dec. 13 1988) ("A debt collector may contact an employee of a telephone or telegraph company in order to contact the consumer, without violating the prohibition on communication to third parties, if the only information given is that necessary to enable the collector to transmit the message to, or make the contact with, the consumer"); *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at ... companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"); *see also* CFPB Regulation F, 85 Fed. Reg. 76734-01, 2020 WL 7014904 (F.R.) (Nov. 30, 2020) ("the Bureau understands that debt collectors can reduce the number of calls needed to establish an [right party contact] by purchasing higher-quality contact information from data vendors"); 86 Fed. Reg. 5766-01

n.446, 2021 WL 155534 (Jan. 19, 2021) (recognizing, with approval, that "over 85 percent of debt collectors surveyed by the Bureau reported using letter vendors").

**FIFTH AFFIRMATIVE DEFENSE**

The secure transmission of data from computer server to computer server does not violate the FDCPA, as there is no human review or intervention or disseminated to the public. Therefore, there is no qualitative basis for "invasion of privacy" claims.

**SIXTH AFFIRMATIVE DEFENSE**

The plain text of the FDCPA contemplates the use of third-party vendors. Congress specifically approved of the use of vendors and the electronic transfer of information to vendors as conduct that did not violate the FDCPA. While a debt collector is prohibited from communication with third parties in connection with the collection of any debt, a debt collector is not prohibited from communicating with a third party "with respect to" or "regarding" a debt. Congress approved the transfer of data to vendors in the body of the FDCPA. *See* 15 U.S.C. §§ 1692b(5), 1692f(5) & 1692f(8), permitting the use of telegrams. To argue a distinction between the transfer of data to a telegram company versus the same transfer of data to a letter vendor is disingenuous. Therefore, the argument that a debt collector runs afoul of the FDCPA in connection with a communication "with respect to" or "regarding" a debt (i.e., the transfer of data to a letter vendor), as opposed to a communication in connection with the collection of a debt to a third

party (i.e., family members, employers, friends or neighbors) lacks any basis on law or fact.

## SEVENTH AFFIRMATIVE DEFENSE

The secure electronic computer server to computer server transmission of electronic information does not interfere with or impinge on consumer protections and therefore, is protected under the First Amendment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under the FDCPA or the FCCPA, thus all requests for statutory damages thereunder are improper.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show any violation of the FDCPA or the FCCPA, and, therefore, is not entitled to attorney's fees or costs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate the damages with respect to the matters alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The conduct of Creditors Bureau at all times complied with all applicable statutes, regulations and laws; accordingly, the complaint and each purported cause of action alleged therein against Creditors Bureau is barred.

## TWELFTH AFFIRMATIVE DEFENSE

Creditors Bureau did not engage in any conduct that was outrageous, intentional, malicious, or done with reckless disregard with respect to Plaintiff. Further, Creditors Bureau never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Creditors Bureau's conduct with respect to Plaintiff did not violate the FDCPA. Therefore, Plaintiff's claims against it pursuant to the FDCPA lack any viability and all claims against Creditors Bureau should be dismissed or withdrawn.

## FOURTEENTH AFFIRMATIVE DEFENSE

Creditors Bureau has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the FDCPA.

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged act or omission of Creditors Bureau giving rise to Plaintiff's FDCPA claims, which Creditors Bureau denies occurred, was not intentional and was the result of a bona fide error notwithstanding reasonable procedures implemented by Creditors Bureau to avoid any such error.

## SIXTEENTH AFFIRMATIVE DEFENSE

For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and material. In the event that

Creditors Bureau is found to be liable for its letter (which it denies it is), and the letter attached by Plaintiff is deemed to be misleading, the alleged misrepresentation could not be deemed material, even to the least sophisticated consumer.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Creditors Bureau did not use any false or misleading representations in connection with the collection of a debt or engage in any unfair practices, therefore it did not violate 15 U.S.C. §1692e. As such, that claim should be dismissed or withdrawn.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her individual entitlement to statutory damages is capped at $1,000 per action, not per defendant or per violation.

### NINETEENTH AFFIRMATIVE DEFENSE

Any violation of the law claimed by Plaintiff, which Creditors Bureau denies, was due to the affirmative actions or omissions of Plaintiff or others and does not give rise to any liability of Creditors Bureau.

### TWENTIETH AFFIRMATIVE DEFENSE

Any purported damages claimed by Plaintiff, which Creditors Bureau denies, were due to the affirmative actions or omissions of Plaintiff or others and does not give rise to any claim of damages against Creditors Bureau.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

It is well-settled law that declaratory relief is unavailable in FDCPA matters, even in the class context. Thus, the declaratory relief sought by Plaintiff in this matter must be denied as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. Plaintiff has not pleaded any facts demonstrating that the alleged Quest Laboratories Incorporated debt at issue is a consumer debt. For example, the charges have been incurred pursuant to a test required due to the nature of Plaintiff's work or her employer's policies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Creditors Bureau denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010); *Jerman v. Carlisle*, No. 1:06 CV 1397, 2011 U.S. Dist. LEXIS 40771 (N.D. Ohio Apr. 13, 2011).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Creditors Bureau asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.  See, e.g., *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Creditors Bureau asserts that the conduct of which Plaintiff complains is expressly authorized by the FDCPA. The FDCPA's authorization of the use of telegrams encompasses the use of print-and-mail vendors.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Creditors Bureau specially denies that its print-and-mail vendor is a "third party" within the scope of 15 U.S.C. § 1692c(b). The special and confidential relationship between Creditors Bureau and its letter vendor makes the letter vendor Creditors Bureau's agent and not a third party.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Creditors Bureau asserts that its conduct was authorized by Regulation F, 85 Fed. Reg. 76734, 86 Fed. Reg. 5766. Congress granted to the Consumer Financial Protection Bureau the power to promulgate rules implementing the FDCPA. See 15 U.S.C. § 1692l(b)(6). Therefore, the Regulation is entitled to deference pursuant to *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  See also 12 U.S.C. § 5512(b)(4)(B).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that 15 U.S.C. § 1692c(b) does not permit debt collectors to use print-and-mail vendors, that prior restraint on speech serves no legitimate or compelling governmental interest; therefore, the prohibition violates the First Amendment, U.S. Const. amend. I.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

If the FDCPA permits a debt collector to use Western Union to transmit correspondence to a consumer but not to use a print-and-mail vendor to perform the same service, then 15 U.S.C. § 1692c(b) is void for vagueness in violation of the Fifth Amendment, U.S. Const. amend. V.

## THIRTIETH AFFIRMATIVE DEFENSE

Creditors Bureau asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010). The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Creditors Bureau at all times complied with the Health Insurance Portability and Accountability Act and Health and Human Services HIPAA Privacy Regulations implemented thereunder. Creditors Bureau did not invade Plaintiff's privacy, as any ministerial transfer of electronic data to its vendor complied with the privacy standards established by the federal government.

## <u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u>

Creditors Bureau reserves the right to raise any other Affirmative Defenses not previously asserted in this Answer as they may arise through further investigation or discovery.

WHEREFORE, Defendant Creditors Bureau, prays that this Answer be deemed good and sufficient and that claims against Creditors Bureau be dismissed with prejudice; that judgment be granted in favor of Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff. Creditors Bureau respectfully requests that the  Court award the requested relief as well as such other and further relief as may the Court may deem just and equitable.

DATED: October 27, 2021

Respectfully submitted

**GORDON REES SCULLY MANSUKHANI, LLP**

By:   /s *Chantel C. Wonder*
 Chantel C. Wonder
 Florida Bar No.: 0087601
 cwonder@grsm.com
 Miami Tower
 100 SE Second Street, Suite 3900
 Miami, FL 33131
 Tel (Direct) 813-523-4945
 Facsimile 813-377-3505

*Counsel for Defendant,Fresno Credit Bureau dba Creditors Bureau USA*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 27, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Benjamin W. Raslavich, Esq.
Kuhn Raslavich, P.A.
2110 West Platt Street
Tampa, Florida 33606
Phone: (813) 422-7782
Fax: (813) 422-7783
ben@theKRfirm.com

*Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  /s *Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel (Direct) 813-523-4945
Facsimile 813-377-3505

*Counsel for Defendant,*
*Fresno Credit Bureau dba Creditors Bureau USA*